## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| EDUARDO G. CAMACHO,<br>As Trustee of the Eduardo G. Camacho<br>Trust,<br><br>PLAINTIFF,<br><br>vs.<br><br>LUIS W. CAMACHO,<br><br>DEFENDANT. | CIVIL CASE NO. CV0294-19<br><br>**DECISION AND ORDER**<br><br>[1] Defendant Luis's Motion to Dismiss<br>[2] Plaintiff Trust's Motion to Strike or,<br>in the Alternative, to Dismiss<br>Request for Equitable Relief |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on September 24, 2019, upon a Motion to Dismiss brought by LUIS W. CAMACHO ("Luis"), who appeared *pro se*. Attorney Leslie A. Travis of Civille & Tang, PLLC, appeared on behalf of EDUARDO G. CAMACHO, as Trustee of the Eduardo G. Camacho Trust ("Trust"). Upon review of the pleadings, oral arguments and legal authorities presented by the Parties, the Court hereby **DENIES** Luis's Motion to Dismiss, and finds the Trust's Motion to Strike or, in the Alternative, to Dismiss Request for Equitable Relief **MOOT**.

### BACKGROUND

This matter concerns Luis's and the Trust's real property interests that were devised through the will of Alfonsina Sgambelluri Walters ("Alfonsina"). Alfonsina was married to Joseph

CV0294-19 Eduardo Camacho as Trustee v. Luis Camacho
DECISION AND ORDER (Def. Luis Mot. Dismiss, Pl. Trust Mot. Strike/Dismiss)

ORIGINAL

Page 1 of 8

Walters ("Joseph"), who passed away on August 14, 1981. Alfonsina had two daughters: Janet Walters Camacho ("Janet") and Irene Walters Camacho ("Irene"). Irene was married to Eduardo Camacho (deceased), the owner of the estate. On November 11, 1998, Alfonsina passed away, surviving her husband, Joseph, and her daughter, Janet. Alfonsina's will devised her real and personal property to Irene (25%) and her ten grandchildren (75%). The grandchildren relevant to this Decision are Luis, Janet's son; and Michael Camacho ("Michael"), Irene's son. Michael was appointed executor of Alfonsina's estate.

In January 2010, Michael negotiated a contract with Luis to purchase his inherited interest in Alfonsina's estate. Luis signed and executed the contract ("Assignment Agreement"), which provided as follows:

> [I]n consideration for the payment of the sum of FIFTY THOUSAND AND NO/CENTS DOLLARS ($50,000.00) by Assignee, does hereby assign, sell, transfer and convey unto Assignee, its successors and assigns, all of Assignor's right title and interest that he now or may be provided for or contained in the Last Will and Testament of Joseph A. Walters and Alfonsina S. Walters . . . [t]ogether will all of the Assignors right, title and interest that he may later have in and to the Alfonsina S. Walters' estates ... ., whether real or personal or mixed, of which Alfonsina S. Walters may die seized or possessed.

*(Assignment Agreement, Trust Ex. A.)* In addition to the sale, Luis also signed and executed a release agreement ("Release Agreement"), which states:

> voluntarily, knowingly and in good faith, and with specific intent and express intent, do forever release and discharge Irene Camacho, Eduardo Camacho and Michael Camacho . . . from any and all causes of actions, suits, debts, claims demands, damages, losses, costs, expenses and attorneys fees and liability of any nature whatsoever, known or unknown, which [Luis] may have or may hereafter have against the Releasee Parties . . ., now existing or which may later arise or relate to the Claims, the Probate Action, and the Estate of Alfonsina S. Walters.

*(Release Agreement, Trust Ex. B 3.)* The Assignment Agreement executed on December 8, 2010, and the Release Agreement on December 9, 2010.

Eight years later, Luis sent a letter – dated June 7, 2018 ("June 2018 Letter") – claiming Michael and the Trust fraudulently induced him to sign the Assignment Agreement and the Release Agreement. Luis alleges that Michael and the Trust purposefully misled and uninformed Luis as to the true property interests devised by Alfonsina's will. The main property at issue is Lot No. 5048 in Harmon ("Harmon Property"), to which the ownership and value was undisclosed to Luis. The June 2018 Letter was the Trust's notice of Luis's rescission of the earlier contracts and

CV0294-19 Eduardo Camacho as Trustee v. Luis Camacho
DECISION AND ORDER (Def. Luis Mot. Dismiss, Pl. Trust Mot. Strike/Dismiss)

Page 2 of 8

his assertion of direct interest in the Harmon Property.

The Harmon Property derives from the Estate of Marcello Sgambelluri ("Marcello"), Alfonsina's father, which initially closed on March 5, 1964, via a Decree of Distribution. On March 16, 2006, Marcello's probate case (PR0004-61) was reopened when reversionary interest from the Government of Guam was acquired. The final distribution of the Estate of Marcello, which included the Harmon Property, was set for April 4, 2019. Luis became aware of the hearing by his cousin because Luis was not given notice. As a result, Luis filed his objections on March 23, 2019. At the final distribution hearing, Luis appeared via tele-conference and objected to the proposed distribution; he instead sought division among all of Marcello's living heirs. Ultimately, the property was sold and distributed to Marcello's his nine children – which includes Alfonsina – as they were his direct heirs. Although all nine of his children were deceased, the distribution was found to be the most judicially efficient method. *(Notice of Decision, Sep. 23, 2019.)*

On March 26, 2019, the Trust filed a Complaint against Luis, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. In lieu of filing an Answer, Luis filed a Motion for Dismissal of Entire Action With Prejudice and an accompanying Memorandum on April 26, 2019. The Trust filed its Opposition on May 14, 2019. Luis filed his Reply on May 30, 2019. Concurrent with its Opposition, the Trust also filed a Motion to Strike or in the Alternative to Dismiss Request for Equitable Relief on May 14, 2019. Luis filed his Opposition to the Trust on June 11, 2019. The Trust filed its Reply on June 25, 2019. On September 24, 2019, the matter was heard and subsequently taken under advisement. The Court now issues its Decision and Order on both Motions for the reasons set forth below.

## DISCUSSION

### I. DISMISSAL UNDER ANTI-SLAPP STATUTE

Strategic Lawsuits Against Public Participation ("SLAPP") are lawsuits intended to "censor, chill, intimidate, or punish citizens, businesses and organizations for involving themselves in public affairs." 7 Guam Code Annotated ("GCA") § 17102(a)(6). SLAPP lawsuit "masquerade as ordinary lawsuits but are brought to deter common citizens from exercising their political or legal rights or to punish them from doing so." *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir.

CV0294-19 Eduardo Camacho as Trustee v. Luis Camacho
DECISION AND ORDER (Def. Luis Mot. Dismiss, Pl. Trust Mot. Strike/Dismiss)

Page 3 of 8

2003). Thus, *I Liheslaturan Guåhan* adopted the anti-SLAPP statute to, *inter alia*, protect and encourage citizen participation in government. Guam's anti-SLAPP statute is codified as the Citizen Participation in Government Act ("CPGA"), which provides as follows:

> **§ 17104. Immunity.** Acts in furtherance of the Constitutional rights to petition, including seeking relief, influencing action, informing, communicating and otherwise participating in the processes of government, shall be immune from liability, regardless of intent or purpose, except where not aimed at procuring any government or electoral action, result or outcome.

7 GCA § 17104.

A SLAPP suit is treated like a motion for summary judgment. § 17106(a). In an anti-SLAPP motion, the movant must first establish, *prima facie*, that his actions were based on protected petitioning activity. *Enriquez v. Smith*, 2015 Guam ¶ 12 (citing *Rusheen v. Cohen*, 128 P.3d 713, 717 (Cal. 2006); *Bleavis v. Demarest*, 127 Cal. Rptr. 3d 580, 585 (Ct. App. 2011)). Once proven, the burden shifts to the opposing party to demonstrate, by clear and convincing evidence, that the actions at issue do not warrant immunity. *Enriquez*, 2015 Guam ¶ 12; *see also* 7 GCA § 17106(c).

Luis purports his petitioning activity to be: (1) attempting to rescind the Assignment and Release Agreement and (2) objecting, orally and in writing, to the final distribution of the Estate of Marcello Sgambelluri. *(Luis Motion to Dismiss 10.)* Under Guam law, petitioning activities include "seeking relief, influencing action, informing, communicating, and otherwise participating with government bodies, officials, or employees of the electorate." *Enriquez*, 2015 Guam ¶ 1; 7 GCA § 17102(a)(3).

### *(1) Rescinding of the Contract*

Luis's actions do not constitute petitioning activity. Although Luis claims to have rescinded the contract, he has not actually done so. The law controlling a unilateral rescission of a contract is codified under 18 GCA § 89204, which states as follows:

> **§ 89204. How Rescission Effected.** Rescission, when not effected by consent, can be accomplished only by the use, on the part of the party rescinding, of reasonable diligence to comply with the following rules:
>
> 1. He must rescind promptly, upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence, or disability, and is aware of his right to rescind; and,

CV0294-19 Eduardo Camacho as Trustee v. Luis Camacho
DECISION AND ORDER (Def. Luis Mot. Dismiss, Pl. Trust Mot. Strike/Dismiss)

Page 4 of 8

2. He must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so.

18 GCA § 89204. Outside judicial rescission, a rescission without consent requires adherence to the aforesaid law.

It is undisputed that Luis has not returned the $50,000.00 dollars, stating that he has no duty to do so under 18 GCA § 89204(2). *(Luis Mot. Dismiss 16.)* However, there is no indication he had exercised reasonable diligence in returning the money. Luis states the Complaint filed against him was the only response he was given from the Trust. *Id.* at 13; *(Luis Reply Decl. 2.)* Despite this claim, there are no interactions – even slight – mentioning the return of the money in his June 9, 2018 Letter, exhibits or motion. In fact, Luis did interact with the Trust after sending his letter; yet the letters do not contain any statements about attempting or completing rescission. *(Luis Ex. 2.)* At present, Luis has not restored the consideration given, offered to restore or even initiated discussions to restore. Thus, Luis's actions do not constitute petitioning activity.

### (2) Objecting to the Final Distribution

Luis alleges his written and oral objections to the final distribution of Marcello's Estate were also petitioning activity attacked in the Trust's Complaint. However, like above, the Complaint does not reference the final distribution hearing; it only references statements in Luis's June 9, 2018 Letter. Naturally, the SLAPP suit could not challenge petitioning activity that was not addressed in the Complaint. Luis has failed to prove a *prima facie* showing of a SLAPP action; therefore, he is not entitled to a dismissal pursuant to CPGA.

## II. Dismissal Under GRCP 12

Luis seeks dismissal under Rule 12 of the Guam Rules of Civil Procedure ("GRCP"), which provides in relevant part:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted[.]

GRCP 12(b)(1) and 12(b)(6). The Supreme Court of Guam clarified GRCP 12(b) by adopting the

CV0294-19 Eduardo Camacho as Trustee v. Luis Camacho
DECISION AND ORDER (Def. Luis Mot. Dismiss, Pl. Trust Mot. Strike/Dismiss)

Page **5** of **8**

United States Supreme Court Notice Pleading Standard articulated in *Conley v. Gibson*, 355 U.S. 41 (1957). *See Ukau v. Wang*, 2016 Guam 26 ¶¶ 30-33. The U.S. Supreme Court holds that a complaint "need only provide fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at ¶ 22 (citing *Conley*, 355 U.S. at 45-47). Thus, under the notice pleading standard, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief." *Ukau*, 2016 Guam ¶ 22 (citing *Conley*, 355 U.S. at 45-46). The facts of the complaint are taken as true, and the complaint is construed in the light most favorable to the plaintiff. *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9.

As stated in the Trust's Opposition, Luis has not asserted the Complaint was defective or deficient as to its pleadings on the causes of action. *(Trust Opp'n 19.)* The standard for pleading is relatively small. *See* GRCP 8(e). A pleading need only contain:

> [A] short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which the pleader seeks.

GRCP 8(a). The Trust's Complaint has been thorough in pleading the jurisdiction, causes of actions, requested relief and supporting facts. Thus, the Court finds no defect or deficiency to warrant a dismissal under GRCP 12(b).

Lastly, Luis's motion does not warrant dismissal because he himself has failed to set forth facts entitling him to relief. Luis argues that the causes of actions against him are all based on the same petitioning activities, which are protected by the anti-SLAPP statute. He asserts that the Trust lacks any claims against him because his immunization had already been established. The Court finds this demonstrably false. Luis's motion for dismissal rests on a finding of protected activity – activity which he had failed to prove. Luis has failed to establish any ground for dismissal; therefore, the Trust's Complaint will not be dismissed.

### III. THE TRUST'S MOTION TO STRIKE OR DISMISS

The Trust seeks to strike or dismiss Luis's request for equitable relief under GRCP 7 and 13. The requests are for rescission and constructive trust and are stated as follows:

CV0294-19 Eduardo Camacho as Trustee v. Luis Camacho
DECISION AND ORDER (Def. Luis Mot. Dismiss, Pl. Trust Mot. Strike/Dismiss)

Page 6 of 8

## B. RECISSION AND CONSTRUCTIVE TRUST.

> Equitable relief is requested to make whole Luis Camacho who was damaged by [the Trust] as stated above. 20 GCA § 3240 authorizes the court to rescind the release and assignment for fraudulent inducement to contract. The rescission necessarily requires a constructive trust to be imposed upon the interests purchased by Eduardo under the contract and assignment.

*(Luis Mot. Dismiss 19.)* Luis had not filed any pleadings for the instant matter; all statements and arguments he has made are contained in his Motion to Dismiss. On these facts, the Trust seeks to strike or dismiss the above as it is impermissible under the rules. The Court agrees.

It is general instruction that matters of fraud are affirmative defenses which should be set forth in a pleading. GRCP 8(c). Proper pleadings under GRCP 7 are codified as follows:

> (a) Pleadings. There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

GRCP 7. Luis's requests for relief are based on the remedy of constructive trust and the affirmative defense of fraud. GRCP 8. Although constructive trust is a remedy of equitable relief; "constructive trust is often pled as a distinct claim." *Jacot v. Miller*, No. CV 16-00074 (D. Guam Sep. 28, 2017) ¶ 6. The theory of constructive trust relies on a substantive claim for fraud or conversion; therefore, without overcoming the hurdle that is the underlying substantive claim, a request for constructive trust would fail. *Id.*

Additionally, rescission based on fraud is a counterclaim which should be made at the time of pleading. GRCP 8(c), 10(b), 12(b) and 13(a). Luis has not provided any pleadings for this matter. Moreover, not only is Luis's request a counterclaim, it is a compulsory counterclaim. Counterclaims are compulsory when it arises out of the same transaction or occurrence. GRCP 13(a). Thus, because Luis's counterclaims are procedurally defective, any requests for relief are not before the Court. Conclusively, Luis is not entitled to his requested relief based on procedure or merit as he has failed to establish his burdens of proof. Therefore, the Trust's Motion to Strike or Dismiss is now moot.

/ / /

/ / /

CV0294-19 Eduardo Camacho as Trustee v. Luis Camacho
DECISION AND ORDER (Def. Luis Mot. Dismiss, Pl. Trust Mot. Strike/Dismiss)

Page **7** of **8**

## CONCLUSION

By preponderance of the evidence and based on the foregoing conclusions, the Court hereby **DENIES** Luis's Motion to Dismiss. Hence, the Trust's Motion to Strike or, in the Alternative, to Dismiss Request for Equitable Relief is **MOOT**.

**SO ORDERED**, this _____ 26 _____ day of December 2019.

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I cert... ...fine that a copy of th...
...that hereto was placed...
...t box of:
Cuville
12/26/19 JL
...ay Clerk Superior Court of Guam

CV0294-19 Eduardo Camacho as Trustee v. Luis Camacho
DECISION AND ORDER (Def. Luis Mot. Dismiss, Pl. Trust Mot. Strike/Dismiss)

Page **8** of **8**